**NOT FOR PUBLICATION**

**FILED**

JAMES J. WALDRON, CLERK

**APRIL 3, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY:  s/ Ronnie Plasner,  DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| |
|---|
| In Re:<br><br>THOMAS and SHERRY GRINAWAY,<br><br>              Debtors. |
| KENNETH J. FREEDMAN and<br>NORMA FREEDMAN**,**<br><br>           Plaintiffs**,**<br><br>v.<br><br>THOMAS GRINAWAY a nd<br>SHERRY GRINAWAY,<br><br>           Defendants. |

Case No.:   05-32079 (DHS)

Adv. No.:   06-1658 (DHS)

Judge: Donald H. Steckroth, U.S.B.J.

**OPINION**

**APPEARANCES:**

Wasserman, Jurista & Stolz, P.C.
Scott S. Rever, Esq.
225 Millburn Avenue – Suite 207
P.O. Box 1029
Millburn, New Jersey 07041
***Counsel for Debtors/Defendants Thomas and
Sherry Grinaway***

Robert C. Nisenson, LLC
Robert C. Nisenson, Esq.
10 Auer Court
East Brunswick, New Jersey 08816
***Counsel for Plaintiffs Kenneth J. and
Norma Freedman***

**THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE**

On April 11, 2006, Kenneth J. and Norma Freedman (hereinafter "Plaintiffs") filed an adversary complaint against Thomas and Sherry Grinaway (hereinafter "Debtors" or "Defendants") seeking: (i) declaration of non-dischargeability of a debt pursuant to Section 523(a)(2)(A) for money obtained through false pretenses, false representation, or actual fraud as a result of overcharging and poor workmanlike construction and (ii) denial of discharge under Section 727(a)(2) of the Bankruptcy Code for failure to disclose assets and the transfer of assets one year prior to the filing of a bankruptcy petition.

Defendants filed a motion for summary judgment seeking dismissal of the instant adversary complaint for failure to sustain the causes of action alleged therein. Plaintiffs filed opposition to the motion in which they argue: (i) Defendants over-billed for the construction work resulting in fraud; (ii) the claims against Sherry Grinaway should not be dismissed due to her knowledge of the fraudulent conduct by her husband's business; and (iii) Defendants should ultimately be denied discharge for both failure to disclose and the transfer of assets.

For the reasons stated hereafter, the Defendants' motion for summary judgment is granted. The Court has jurisdiction over the instant matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and §157(b)(2)(J). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

<u>**Statement of Facts and Procedural History**</u>

**A.      Defendants' Statement of Facts**

On or about September 9, 2002, Plaintiffs, Kenneth and Norma Freedman, entered into a written construction contract with RG Scarano and Grinaway Construction Management for the construction of a single family dwelling at a cost of $782,806.00.  *Defendants' Certification Pursuant to Local Civil Rule 56.1* (hereinafter *"Defs. Cert."*), at Exhibit E. Defendant Thomas Grinaway was a partner of RG Scarano at the time of contract and Sherry Grinaway was at all times Mr. Grinaway's wife and not an employee of the construction company. *Id.* at ¶¶ 12-13. Sherry Grinaway did not work for RG Scarano at the time of contract and was not involved in the construction of the dwelling or the billing thereafter. *Id.* at ¶ 28. Further, Ms. Grinaway did not make any representations to the Plaintiffs. *Id.* at ¶ 29.

During the course of construction, written change orders were executed reflecting Plaintiffs' requests for additions. The additions caused increases to the contract price. *Id.* at ¶14. Several other changes were made that were not memorialized. *Id.* at ¶15. Defendants periodically provided Plaintiffs with invoices for the work completed and Plaintiffs paid the amounts indicated on the invoices. The changes and additions totaled $247,165.92 and the total allowances were $135,670.00. *Id.* at ¶¶ 21-22, Exhibit E-F. The total amount paid by the Plaintiffs was $888,067.88. *Id.* at ¶ 24. Plaintiffs acknowledge the additions to the dwelling were made at their request. However, they dispute the charges. *Id.* at ¶ 27.  Plaintiffs have resided in the dwelling since December 23, 2003. *Id.* at ¶ 26.

4

**B.    Plaintiffs's Disputed Facts and Additional Facts**

Defendant Thomas Grinaway was the sole owner of Grinaway Construction Company and Sherry Grinaway worked for the construction company. *Certification of Kenneth Freedman in Opposition to Motion for Summary Judgment* (hereinafter *"Pls. Cert."*) at ¶¶ 3-4. In addition, Plaintiffs contend that Ms. Grinaway mortgaged her home to a creditor for approximately$100,000 to pay business debts, thus, indicating her involvement with her husband's companies. *Id.* at ¶ 36.

Throughout the course of the construction, the invoices given to Plaintiffs did not list the ongoing costs and previous payments. *Id.* at ¶¶ 11, 17. Therefore, Plaintiffs note that Defendant did not indicate that the construction costs had increased significantly. *Id.* at ¶ 12. However, Plaintiffs acknowledge that they did not closely review the invoices issued by Defendant since Plaintiff was relying upon Defendant's expertise and reputation. *Id.* at ¶ 15.

Prior to paying the last invoice, Plaintiffs requested a meeting with the Defendant. At the meeting, Plaintiffs questioned the additional $80,000 that they had paid. *Id.* at ¶¶ 19-20. Mr. Grinaway did not provide an explanation or documentation for the additional sum except to state that he deserved the additional compensation as he had earned only two percent (2%) on the home.

Mr. Grinaway explained to the Plaintiffs that the allowances increased the value of their home from which builders typically take a percentage as a profit. *Id.* at ¶ 21. Plaintiffs argued their contract did not provide for such and Defendant refused to return the $80,000. *Id.* at ¶ 21. In addition, Defendant neither completed the dwelling in accordance with the contract nor paid some of the subcontractors. *Id.* at ¶ 23.

To recover the overpayment, Plaintiffs commenced a lawsuit against Defendants. *Id.* at ¶ 22. While that action was pending, Defendants filed for Chapter 7 bankruptcy relief, which stayed the state court proceeding. *Id.* at ¶ 24. Plaintiffs contend Defendants admitted to overcharging by Mr. Grinaway's statement that he had not earned enough profit from the construction project. *Id.* at 27-28. In Defendant's bankruptcy petition, Defendant lists Plaintiffs' claim as $150,000, but does not list any amount owed to the Plaintiff. *Id.* at ¶ 31. Subsequently, Defendant itemized the amount owed and listed the additions as approximately $208,000. *Id.* at ¶ 32.  However, Plaintiff contends that in 2004, the total for additions was $160,000. *Id.* at ¶ 33 and Exhibit F. Plaintiff further argues that the contract required additions or changes to be in writing and Defendant was unable to produce bills for these additional items. *Id.*

The Trustee discovered that Defendants failed to disclose certain assets and had transferred several business entities to new entities. *Id*. at ¶¶ 38-39. Debtors settled these issues with the Trustee by paying over $55,000. For this reason and the purpose of Ms. Grinaway's mortgage to defeat creditors' claims, Plaintiffs argue for denial of Defendants' bankruptcy discharge.

### Discussion

**A.   Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Id.*  At the summary judgment stage, the role of

the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "'make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial.'" *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon School Dist.*, 673 F. Supp. 147, 151-*52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried or where the moving party is not entitled to a judgment as a matter of law.

## B.    Non-Dischargeability

Section 523(a)(2)(A) of the Bankruptcy Code provides that debts for money, property, services, or credit obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition" are non-dischargeable.

> In order to have a valid claim under 523(a)(2)(A), a creditor must prove that the debtor either made a misrepresentation or did an act which was wrong. The proofs must show that the debtor knew it was wrong, that she intended the creditor to rely on the act or misrepresentation and that the creditor did, in fact, rely on such act or misrepresentation and finally, that the creditor was damaged thereby.

*Starr v. Reynolds (In re Reynolds)*, 197 B.R. 204, 205 (Bankr. D.N.J. 1996) (quoting *Starr v. Reynolds (In re Reynolds)*, 193 B.R. 195, 200 (D.N.J. 1996) (citing *United Counties Trust Co. v. Knapp (In re Knapp)*, 137 B.R. 582, 586 (Bankr. D.N.J. 1992))).

8

Non-dischargeability under Section 523(a)(2)(A) requires a showing of "justifiable, but not reasonable, reliance." *Field v. Mans*, 516 U.S. 59, 73-75 (1995) (citing *see City Bank & Trust Co. v. Vann (In re Vann)*, 67 F.3d 277 (11th Cir. 1995); *Eugene Parks Law Corp. Defined Benefit Pension Plan v. Kirsh (In re Kirsh)*, 973 F.2d 1454 (9th Cir. 1992)).  In order to constitute justifiable reliance:

> "[T]he plaintiff's conduct must not be so utterly unreasonable, in the light of the information apparent to him, that the law may properly say that his loss is his own responsibility."  This conclusion, however, does not mean that the reliance must be objectively reasonable.  "Although the plaintiff's reliance on the misrepresentation must be justifiable, . . . this does not mean that his conduct must conform to the standard of the reasonable man."  Justifiable reliance is gauged by "an individual stand[ard] of the plaintiff's own capacity and the knowledge which he has, or which may fairly be charged against him from the facts within his observation in the light of his individual case."  Additionally, "it is only where, under the circumstances, the facts should be apparent to one of [plaintiff's] knowledge and intelligence from a cursory glance, or he has discovered something which should serve as a warning that he is being deceived, that he is required to make an investigation of his own."

*In re Reynolds*, 193 B.R. at 202 (quoting *In re Vann*, 67 F.3d at 283 (internal citations omitted)).

The creditor bears the burden of proving non-dischargeability by a preponderance of the evidence.  *See generally Grogan v. Garner*, 498 U.S. 279, 290 (1991).  "The overriding purpose of the Bankruptcy Code is to relieve debtors from the weight of oppressive indebtedness and provide them with a fresh start.  Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors." *Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995) (citing *see, e.g., U.S. v. Stelweck*, 108 B.R. 488, 495 (E.D. Pa. 1989)).

9

Mere breach of contract is insufficient for a Section 523(a)(2) non-dischargeability claim without more. *See First Baptist Church v. Maurer (In re Maurer)*, 112 B.R. 710, 713 (Bankr. E.D. Pa. 1990) ("It is well established that a finding of fraud cannot be premised upon a mere breach of contract."); *Seiders v. Fenninger (In re Fenninger)*, 49 B.R. 307, 308 (Bankr. E.D. Pa. 1985) ("[F]raudulent intent cannot be founded on a mere breach of contract. . ."). Representations as to construction equate, at best, to breach of contract actions, unless the Debtor made intentional misrepresentations about a material fact or qualification. *See Stevens v. Antonious (In re Antonious)*, 358 B.R. 172,183 (Bankr. E.D. Pa. 2006) ("Courts have determined debts nondischargeable under *section 523(a)(2)(A)* involving construction contracts, when debtor intentionally misrepresented a material fact or qualification.") (emphasis in original). In the construction context, Section 523(a)(2)(A) claims require the creditor to prove the debtor-contractor's intent to breach the contract or a material misrepresentation or omission by the debtor-contractor. *Id.* at 182.

In the instant matter, Plaintiffs allege poor construction, but have not alleged nor proven facts to show that this was the result of intentional or fraudulent conduct by the Defendants. *See Borchardt v. Ferrell (In re Ferrell)*, 2006 Bankr. LEXIS 1429, at *26, (Bankr. E.D. Pa. June 14, 2006) ("[I]nadequate performance is breach of contract, not fraud."). Additionally, even though Plaintiffs believe they did not receive proper workmanship, they obtained a Certificate of Occupancy and have lived in the dwelling since its completion.

Here, both parties also agree that over-billing occurred beyond the contract price and agreed upon additions. However, the total amount is disputed. Defendant argues that the $80,000 overpayment is deserved and, therefore, he is entitled to that additional amount. Plaintiffs contend that the overpayment actually totaled $135,000. This billing dispute does not amount to intentional

over-billing and is not the result of a misrepresentation or omission, as required by Section 523(a)(2)(A).

Furthermore, Plaintiffs' reliance on the Defendant's invoices and expertise could not have been justifiable. Plaintiffs began making payments for the construction and the additions soon after construction began. It was not until November 2003, one month before the house was to be completed, that Plaintiffs realized that they had overpaid. While contending that the invoices contained no totals, Plaintiffs acknowledge that Defendant itemized the additional charges on the invoices. Using these figures, Plaintiffs had the means to determine the total amounts paid with little due diligence.

Defendants assert that the claims against Sherry Grinaway should be dismissed as Ms. Grinaway had no involvement with Mr. Grinaway's companies. Generally, "[F]raudulent practices of one spouse are not automatically imputed to the other spouse for purposes of non-dischargeability under 11 U.S.C. § 523(a)(2)(A)." *Id.* at 184 (citing *In re Carp,* 340 F.3d 15, 26 (1st Cir. 2003)). Instead, there must be an agency or partnership relationship between the spouses to impute the fraudulent conduct of one debtor spouse onto the "innocent" spouse. *Id.* at 185. However, Plaintiffs dispute Ms. Grinaway's role in her husband's business and companies based solely on the fact that over one year before the Debtors filed for bankruptcy protection, Ms. Grinaway purportedly granted more than a $100,000 mortgage on her home to a creditor to pay for business debts. This alone, however, falls far short of the necessary nexus or partnership relationship required to impute fraud to an "innocent" spouse. Without more, Ms. Grinaway should be dismissed from this action.

Even in a light most favorable to them, the Plaintiffs failed to meet their burden of proof on the non-dischargeability claim as no intentional breach of contract or misrepresentation has been

alleged or proven. Thus, summary judgment is granted to the Defendants on the Section 523(a)(2)(A) claim.

### C.    Denial of Discharge

Objections to discharge under Section 727(a) are liberally construed in favor of the Debtor and strictly construed against the objector. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993); *Stapleton v. Yanni (In re Yanni)*, 354 B.R. 708, 712 (Bankr. E.D. Pa. 2006). "Nevertheless, if the debtor has been dishonest with the creditors or the Court, denial of discharge is appropriate, notwithstanding that the underlying goal of federal bankruptcy law is to provide the debtor with a fresh start." *Wachovia Bank, N.A. v. Spitko (In re Spitko)*, 357 B.R. 272, 298 (E.D. Pa. 2006).

To prevail on a Section 727(a)(2) cause of action, a party must prove, by a preponderance of the evidence:

> (1) [A] transfer, removal, destruction, mutilation, or concealment, (2) involving property of (a) the debtor, one year prior to the filing of the petition or (b) the estate, after the filing, (3) whereby the debtor intends to hinder, delay, or defraud a creditor.

*Applebaum v. Henderson (In re Henderson)*, 134 B.R. 147, 156 (Bankr. E.D. Pa. 1991) (citations omitted).   Although Section 727(a)(2) requires actual intent, the Third Circuit has recognized this claim when concealment of assets has occurred. *See id*. at 157.

Concealment is defined as "preventing the discovery of or the withholding of knowledge of the property." *Id.* (citing *United States v. Schireson,* 116 F.2d 881, 884) (3d Cir. 1940)). When the concealment at issue has occurred outside of the one-year period noted in Section 727(a)(2), there may still be a viable claim if the debtor engaged in continual concealment. *Id.* To constitute a claim for continued concealment, a party must show:

(1) [T]he 'transfer' of property by a debtor, who, despite the transfer, retains a beneficial, or equitable, interest in the property; and (2) the debtor continues to treat the property in the same manner as before the alleged transfer.

*Id*. (citing *In re Olivier*, 819 F.2d 550, 555 (5th Cir. 1987)) (other citations omitted).

Here, Plaintiffs allege that Defendants concealed assets including antique cars and business assets. Defendants contend they reached a settlement with the Trustee after the Trustee's investigation into these claims and the Plaintiffs never objected to that settlement. Plaintiffs, however, argue that the fact of concealment alone is a sufficient basis to deny discharge. Plaintiffs made generalized statements with respect to these assets, but failed to provide specifics. Moreover, Plaintiffs did not meet their burden in demonstrating the requisite intent to conceal by the Debtor.

Plaintiffs also assert the mortgage granted by Ms. Grinaway was an attempt to shield assets from the creditors. Section 727(a)(2) requires "an actual transfer of valuable property...which reduced the assets available to creditors and which was made with fraudulent intent." *Randolph v. Somerville (In re Somerville)*, 73 B.R. 826, 834 (Bankr. E.D. Pa. 1987) (citations omitted). Despite their argument that the mortgage reduced the assets available to creditors, the Plaintiffs have not met their burden with respect to Ms. Grinaway's alleged fraudulent intent. Plaintiffs have also failed to demonstrate that continued concealment occurred. Based on the liberal construction in favor of Debtors, Plaintiffs have failed to sufficiently articulate an objection to discharge under Section 727(a)(2). Thus, Defendants' motion for summary judgment is granted as to the denial of discharge under Section 727(a)(2).

## **Conclusion**

For the reasons set forth above, the Defendants' motion for summary judgment is granted.  An Order in conformance with this Opinion has been entered by the Court and a copy is attached hereto.

*/s /  Donald H. Steckroth*

_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: April 3, 2008